UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JOHN W. OXENDINE,<br><br>    Plaintiff,<br><br>v.<br><br>GEORGIA GOVERNMENT TRANSPARENCY AND CAMPAIGN FINANCE COMMISSION and MARY P. ADAMS, in her individual and official capacities,<br><br>    Defendants. | Civil Action No. _____ |

**VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF**

John W. Oxendine brings this action against the Georgia Government Transparency and Campaign Finance Commission and its chairperson, Mary P. Adams, for declaratory and injunctive relief.

### Introduction

1. O.C.G.A. § 21-5-33(c) is unconstitutionally vague. It simply says that campaign contributions "shall not constitute personal assets." It doesn't say what it prohibits—if it prohibits anything at all. But the Commission and Adams, alleging that Oxendine violated the statute, have

threatened him with thousands of dollars in sanctions. Because the statute does not clearly define what it prohibits, it violates the Fourteenth Amendment's Due Process Clause. The Court should declare it unconstitutional and enjoin the Commission and Adams from enforcing it.

## Parties, Jurisdiction, and Venue

2. Plaintiff John W. Oxendine resides in Fulton County, Georgia, and is an adult United States citizen. He avails himself of the Court's jurisdiction and venue.

3. Defendant Georgia Government Transparency and Campaign Finance Commission is a state agency. It may be served through its chairperson, Mary P. Adams, at 200 Piedmont Avenue, S.E., Suite 1416, West Tower, Atlanta, Georgia 30334, or wherever else she may be found and served. The Court has personal jurisdiction over the Commission.

4. Defendant Mary P. Adams chairs the Commission. She may be served at 300 Camden Road, N.E., Atlanta, Georgia 30309, or wherever else she may be found and served. The Court has personal jurisdiction over Adams.

5. The Court has subject-matter jurisdiction here under 28 U.S.C §§ 1331 and 1343(a)(3)–(4) because this case arises under 42 U.S.C. § 1983 and the Fourteenth Amendment to the United States Constitution.

6. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because the Defendants are Georgia residents and reside in this district. Venue is proper in this division under Local Rule 3.1B(1) because the Defendants reside here.

7. Abstention is improper because this case does not fall within the "exceptional circumstances" in which that doctrine applies. *See, e.g.*, *Spring Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 588 (2013). What is more, the Commission and Adams lack the authority to declare a Georgia statute unconstitutional. So the Commission proceedings do not provide an adequate opportunity for Oxendine to raise his federal claims, making abstention improper. *See, e.g.*, *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982).

## Factual Background

8. The Commission enforces the Georgia's Ethics in Government Act, including O.C.G.A. § 21-5-33(c). Adams chairs the Commission. At all relevant times, the Commission and Adams acted under color of the statutes, ordinances, regulations, customs, and usages of the State of Georgia.

9. The Commission investigates potential violations of the Act. It may file complaints against candidates and sanction violators.

10. Oxendine was a 2010 gubernatorial candidate. After the race, his campaign funds were generating about 0.1% interest. He invested some of the funds and negotiated an annual interest rate of 1.5%. He repaid the campaign in full plus nearly $9,000 in interest. The campaign benefitted from the investment.

11. Even so, the Commission has filed a complaint against Oxendine, alleging that he violated section 21-5-33(c) and threatening thousands of dollars in sanctions. *See* Ex. A, Compl., *In re Oxendine*, No. 2017-0169PC (Ga. Gov't Transparency & Campaign Fin. Comm'n Jan. 20, 2017); O.C.G.A. § 21-5-6(b)(14)(C)(i).

12. Section 21-5-33(c) provides, "Contributions and interest thereon, if any, shall not constitute personal assets of such candidate or such public officer." The Commission claims incorrectly that the phrase "shall not constitute personal assets" imposes a "clear ban" on Oxendine's use of campaign funds. *Id.* ¶ 10. It should come as no surprise that the Commission cites no case law for that proposition.

13. But the Act does not define "constitute." In standard English, "constitute" means to make up, form, or compose—as in 12 months constitute a year. "constitute." Merriam-Webster Online Dictionary, https://www.merriam-webster.com/dictionary/constitute (last visited Oct.

30, 2017). *Accord* Bryan A. Garner, *Garner's Modern English Usage* 191 (4th ed. 2016).

14. The phrase "shall not constitute personal assets" in section 21-5-33(c) is unconstitutionally vague. In effect, it says that campaign funds do not "make up, form, or compose" personal assets. The statute, then, appears to be about what campaign contributions are—not about what may be done with them. In any event, the statute is unclear about what is prohibits, and that violates due process.

## Causes of Action

### Count I—Declaratory Judgment
### O.C.G.A. § 21-5-33(c) Violates Due Process Because It Is Unconstitutionally Vague.

15. Oxendine incorporates the paragraphs above into this Count.

16. "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). "Vague laws," such as section 21-5-33(c), "trap the innocent by not providing fair warning." *Id.* (citations omitted).

17. Section 21-5-33(c) is unconstitutionally vague because it does not clearly define what it prohibits. It fails to give people of ordinary intelligence a reasonable opportunity to understand what it prohibits—if

anything. It is also impermissibly vague because it allows for arbitrary and discriminatory enforcement.

18. The Commission and Adams, acting under color of state law, have threatened Oxendine with thousands of dollars in sanctions, alleging that he violated section 21-5-33(c). That violates Oxendine's due process rights under the Fourteenth Amendment to the United States Constitution.

19. As a direct and proximate result of that unlawful conduct, Oxendine has suffered irreparable harm, which will continue without declaratory relief.

### Count II—Injunctive Relief
### The Commission and Adams Should Be Enjoined from Enforcing O.C.G.A. § 21-5-33(c).

20. Oxendine incorporates the paragraphs above into this Count.

21. Oxendine has suffered irreparable harm, which will continue if the Commission and Adams are not enjoined from enforcing section 21-5-33(c). Those injuries are imminent.

22. Oxendine has no adequate remedy at law; monetary damages are inadequate.

23. Oxendine has a substantial likelihood of succeeding on the merits because courts have found that statutes less vague than section 21-5-33(c) violate due process. Here are just two examples:

- The Supreme Court held that the phrase "not less than the current rate of … wages in the locality" was unconstitutionally vague. *Connally v. Gen. Const. Co.*, 269 U.S. 385, 388–93 (1926).

- The Court also held that a statute requiring pedestrians to provide "credible and reliable" identification when stopped by police violated due process. *Kolender v. Lawson*, 461 U.S. 352, 353–54 (1983).

24. The balance of equities weighs in Oxendine's favor. The harm he faces—thousands of dollars in fines—dwarfs the hardship the Commission and Adams would face: helping the legislature write a clear statute.

25. Enjoining the Commission and Adams from enforcing section 21-5-33(c) has no adverse effect on the public interest. In fact, doing so serves the public interest for three reasons. First, it presents the legislature with an opportunity to draft a clear statute. Second, it protects candidates from arbitrary and discriminatory treatment. And third, it en-

courages civic engagement. Besides, Oxendine has already paid the campaign funds back—with more interest than they were accruing in the campaign account.

26. Oxendine is thus entitled to injunctive relief.

## Prayer for Relief

WHEREFORE, Oxendine respectfully prays for relief as follows:

(a) That the Court declare O.C.G.A. § 21-5-33(c) facially unconstitutional.

(b) That the Court declare section 21-5-33(c) unconstitutional as applied to him.

(c) That the Court preliminarily and permanently enjoin the Commission and Adams from enforcing section 21-5-33(c).

(d) That the Court preliminarily and permanently enjoin the Commission and Adams from enforcing section 21-5-33(c) against him.

(e) That the Court award him attorney's fees, litigation expenses, and costs, including under 42 U.S.C. §§ 1920 and 1988.

(f) That the Court award him any further relief that is necessary or proper.

Dated: November 20, 2017   Respectfully submitted,

/s/ *J. Tom Morgan*
J. Tom Morgan
Georgia Bar No. 522675
J. TOM MORGAN, ATTORNEY, LLC
160 Clairemont Avenue, Suite 425
Decatur, Georgia 30030
(404) 687-1002
jtom@jtommorganlaw.com

Andre T. Tennille III
Georgia Bar No. 940510
KEN HODGES LAW LLC
2719 Buford Highway, N.E.
Atlanta, Georgia 30324
(404) 692-0488
dre@kenhodgeslaw.com

*Counsel for Plaintiff*

VERIFIED COMPLAINT FOR
DECLARATORY AND INJUNCTIVE RELIEF

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN W. OXENDINE,

    Plaintiff,

v.

GEORGIA GOVERNMENT TRANSPARENCY AND CAMPAIGN FINANCE COMMISSION and MARY P. ADAMS, in her individual and official capacities,

    Defendants.

Civil Action No. _____

## VERIFICATION

I, John W. Oxendine, verify under oath that the allegations in the foregoing Verified Complaint for Declaratory and Injunctive Relief are true and correct.

_____
John W. Oxendine

Sworn and subscribed before me on November 20, 2017.

_____
Notary Public

My commission expires:

```
LYNN MALICK
NOTARY PUBLIC
FORSYTH COUNTY
STATE OF GEORGIA
My Commission Expires September 11, 2018
```