IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORIGA
ATLANTA DIVISION

John W. Oxendine,

                Plaintiff,        Case No. 1:17-cv-04658

v.                                        Michael L. Brown
                                                   United States District Judge

Georgia Government
Transparency and Campaign
Finance Commission, et al.,

                Defendants.

_____/

## ORDER

On November 20, 2017, Plaintiff filed a verified complaint for declaratory and injunctive relief. (Dkt. 1). Plaintiff also filed a motion for a temporary restraining order ("TRO") seeking to enjoin the Georgia Government Transparency and Campaign Finance Commission from enforcing O.C.G.A. § 21-5-33(c). (Dkt. 7).

While briefing on the Motion for a TRO was underway, Defendants filed a motion to dismiss the Complaint. (Dkt. 8). Then, on January 12, 2018, Plaintiff filed the First Amended Complaint. (Dkt.

12). The Court had not yet addressed Defendants' pending motion to dismiss. (Dkt. 8).

Pursuant to Fed. R. Civ. P. 15 (a)(1)(B), Plaintiff was permitted to amend his complaint as a matter of course. The amended pleading "supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against the adversary." *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/N Olympia Voyager*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Pintando v. Miami-Dade Hous. Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007) (same). Thus, the amended complaint supersedes the original complaint, and Defendants' motion to dismiss the original complaint (Dkt. 8) became moot. *See, e.g.*, *Saint v. Perimeter Mortg. Funding Corp.*, No. 1:14-cv-01428, 2014 WL 12465413, at *1 (N.D. Ga. July 29, 2014) (pending motions to dismiss were "rendered moot by the amended complaint [ ] because the motions were directed against the original complaint which [was] no longer the operative pleading before the Court"); *Evans v. Geheren Firm, P.C.,* No. 1:11-cv-2123, 2011 WL 13220821, at *3 (N.D. Ga. Nov. 7, 2011) ("Defendants' motion to dismiss Plaintiff's original complaint is moot because Defendants seek dismissal

of a complaint that has been subsequently superseded"). Defendants have since moved to dismiss the First Amended Complaint. *See* Dkt. 24 (filed February 2, 2018).

Plaintiff's motion for a TRO (Dkt. 7) is also rendered moot by the filing of the amended complaint. The motion for a TRO is based on allegations in the original complaint, which as explained above, has been superseded by the amended complaint. The motion is, therefore, moot because it is not grounded in the operative complaint. *See Modtruss, Inc. v. Battlefrog, LLC*, No. 1:16-cv-1317 (N.D. Ga. June 24, 2016) (ordering motion for TRO moot where motion was based on superseded complaint). Plaintiff continues to seek injunctive relief in the amended complaint but did not file a separate motion for a TRO based on the amended complaint. Accordingly, as it stands, there is no pending motion for a TRO in this matter. If Plaintiff intends for the motion for a TRO (Dkt. 7) to apply to the First Amended Complaint based on the arguments already raised in the motion, Plaintiff is directed to file a notice on the docket by Friday, February 9, 2018 stating that intention.

Accordingly, Defendants' motion to dismiss the original complaint (Dkt. 8) is **DENIED** as moot, and Plaintiff's motion for a TRO (Dkt. 7) is **DENIED** as moot unless the Court receives further notice from Plaintiff.

**IT IS SO ORDERED.**

Dated: February 6, 2018
Atlanta, Georgia

_____
MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE